## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4754 | **DATE** | 5/21/2004 |
| **CASE TITLE** | Colson Caster Corp vs. USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the defendant's motion to dismiss is hereby granted. All pending dates and motions are hereby are stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 24 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 8 |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| COLSON CASTER CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 4754 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
MAY 2 4 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant United States of America's ("United States") motion to dismiss. For the reasons stated below we grant the motion to dismiss.

## BACKGROUND

Kent Sarius ("Sarius") was an employee of Hartwig Mail which was a mail contractor with the United States Postal Service. Sarius was injured in a work accident involving a mail cart with a caster brake mechanism and sued Plaintiff Colson Caster Corporation ("Colson") in Illinois state court. Colson has now brought suit against Defendant United States seeking contribution if the Illinois state

1

8

court finds Colson liable for Sarius' injuries. Defendant United States has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## LEGAL STANDARD

For a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction "the district court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *United Transp. Union v. Gateway Western Ry. Co*, 78 F.3d 1208, 1210 (7th Cir. 1996). The burden of establishing that the court has subject matter jurisdiction for a "12(b)(1) issue is on the party asserting jurisdiction." *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

## DISCUSSION

Colson asserts in its complaint that this court has jurisdiction pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2679(b)(1) of the Federal Tort Claims Act ("FTCA"). A district court has:

> exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. . . .

2

28 U.S.C. § 1346(b). In addition:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred. . . .

28 U.S.C. § 2679(b)(1). The United States' waiver under the FTCA "extends to third-party claims against the government, including claims for contribution." Bush v. Eagle-Picher Industries, Inc. 927 F.2d 445, 447 (9$^h$ Cir. 1991)(citing *United States v. Yellow Cab Co.*, 340 U.S. 543, 547-53 (1951)).

Defendant United States argues that there has not been a final judgment against Colson in the state court case and thus this action should be dismissed because the claim is not ripe. Colson argues that the instant case is "more akin to a diversity case where[,] pursuant to the *Erie* doctrine[, a] state['s] substantive law should apply." (Ans. 2). Colson contends that under Illinois law an action for contribution must be commenced no "more than 2 years after the party seeking contribution or indemnity has been served with process in the underlying action. . . ." 735 ILCS 5/13-204(b). Colson argues that it is thus compelled to file suit at this time in order to avoid the Illinois statute of limitations bar. Colson's comparison to

3

a diversity case is misplaced and his arguments in this regard are unsupported. Colson specifically states that this court has subject matter jurisdiction pursuant to federal statutes.

Defendant United States argues that federal law controls when the contribution action accrues and that the action does not accrue until a final judgment is entered in the state action against Colson. It is federal law rather than state law that "governs when claims accrue under the FTCA." *McCall ex rel. Estate of Bess v. U.S.*, 310 F.3d 984, 987 (7th Cir. 2002). *See Fisk v. U.S.*, 657 F.2d 167, 171 (7th Cir. 1981)(holding that federal law determines when claim accrues for wrongful death FTCA action); *Steele v. U.S.*, 599 F.2d 823, 825-26 (7th Cir. 1979)(stating that "[a]lthough the liability of the government under the Federal Tort Claims Act is determined 'in accordance with the law of the place where the act or omission occurred,' 28 U.S.C. s 1346(b), when a 'claim accrues' is determined by federal law.")(quoting *Kossick v. United States*, 330 F.2d 933 (2d Cir. 1964)). Under federal law a FTCA "claim for contribution does not accrue until the party seeking contribution has paid a settlement or has a judgment entered against it." *McCarter v. John Hancock Center*, 2002 WL 31875470, at *4 (N.D. Ill. 2002)(citing *Chicago, R.I. & Pac. Ry. Co. v. United States*, 220 F.2d 939, 942 (7th Cir.1955));*Steele*, 599 F.2d at 825 n.3 (citing *Chicago, R.I. & Pac. Ry. Co.*, 220 F.2d 939, which involved an indemnity claim, when the court in *Steele* indicated that Seventh Circuit precedent holds that federal law governs when any FTCA claim accrues). Since

there is no final judgment against Colson in the state action, the instant action is premature and it is therefore dismissed without prejudice.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to dismiss without prejudice.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 20, 2004